IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**Kelly Stewart**
AND
JAMES STEWART
1831 MIDSUMMER LANE
JARRETTSVILLE MD 21084

PLAINTIFFS

- VS. -

JAYCO, INC.
P.O. BOX 460
903 S. MAIN ST.
MIDDLEBURY IN 46540-8529

DEFENDANT

CASE NO.

COMPLAINT AND JURY DEMAND

---

**PRELIMINARY STATEMENT**

1. This case involves claims asserted under the Colorado Commercial Code, the Magnuson Moss Warranty Act, and the Colorado Consumer Protection Act.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC

2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

## IDENTIFICATION OF PARTIES

3. Kelly Stewart, formerly known as Kelly Goodman, and James Stewart are natural persons residing in Maryland and are consumers and buyers within the meaning of applicable laws.

4. Defendant is a corporation authorized to do business and/or doing business in Indiana and/or Colorado and/or Pennsylvania and/or Maryland, and is a warrantor of a recreational vehicle that plaintiffs acquired.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

5. This case involves a defective 2016 Jayco Seneca recreational vehicle that defendant warranted but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract of warranty defendant breached.

6. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

7. This claim is for breach of warranty and/or contract by Jayco, Inc.

8. As a result of the above, and the allegations below, inter alia, defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

9. At all times relevant, Plaintiffs were each a consumer.

10. At all times relevant, Camping World of Hanover, dba Camping World Rv Sales - Hanover, and Camping World of Fountain dba Camping World Rv Super Center, were each a supplier and merchant and an authorized representative and agent of defendant.

11. At all times relevant, defendant was a supplier and merchant.

12. On or about August 29, 2015 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from the Dealer, the Dealer agreed to sell to Plaintiffs, and as part of the deal the Dealer agreed to extend credit to Plaintiffs and to finance the transaction, and defendant agreed to warrant the Rv that it constructed and/or assembled, to and/or that it would repair and/or replace any defective materials or workmanship which it warranted against, the goods being a certain 2016 Jayco Seneca recreational vehicle believed to bear VIN # 3ALACXDT 0GDGV 5485.

13. Plaintiffs acquired the vehicle in reliance on the existence of a

written warranty and/or contract of warranty from Defendant and on advertising representations and/or warranties of Defendant.

14. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

15. The defects in the Rv included, but are not limited to, room slide system failed, wires entering cab not properly protected or sealed, compartment brackets not correct, compressor rattles, wood between bedroom drawers broken, propane door keeping popping open, family room tv drags on cabinet, scratches and gouges on passenger fuel tank, tv receiver cabinet damaged - not assembled correctly, missing screws plugs above coach entry door, fuel gauge inaccurate, wall trim in bedroom improper, dent in entry door, entry steps rusting, macerator missing access to the clean-out, gouges on passenger fender and compartment door, vehicle information center displays fault code, torx screw missing from d/s sill plate, padded trim above door ripped, wood trim screw plugs missing, external compartments not sealed, floor dented from slide rollers, bunk dvd player sound inop, kitchen window shade missing, family room sunshade won't go up, water heater compartment screws came out, awning trim pieces missing, p/s sun visor torn, wind noise at hwy speeds, paint defects of p/s compartments, hole in firewall, passenger side slide doesn't close completely, gasket on upper

bunk window ripped, washing machine valve leaks, fire exit window difficult to close, floor not sealed where hvac lines pass, d/s slide gaskets too short, crown molding not attached, kitchen leds flicker, bathroom lights flicker, warm water too cold/hot, shower leaks, bathroom vent broken, compartment liner buckling, floor buckling, black marks on floor, drawers open while driving, washing machine cabinet wood damaged, generator auto transfer switch inop, wallpaper buckling, ctrl drops in limp mode, and more.

16. Because of the warranty and/or contract of warranty-covered defects, Plaintiffs notified defendant and/or one of its authorized servicing dealers of the numerous defects in the Rv the month after they acquired it, and on various dates delivered the Rv into the possession of defendant and/or one of its authorized servicing dealers at their cost and/or expense.

17. After being in the repair shop multiple times and being out of service a total of about 153 days and accumulating about dozens of defects since its acquisition, Plaintiffs notified defendant that they wanted their money back but defendant would not do that.

18. Prior to filing this case, Plaintiffs provided notice to defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures and its inability to live up to its warranties.

19. Instead of performing as represented, defendant did not repair all defects in the vehicle once and for all time.

20. As a result defendant breached its express and/or implied warranties and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

21. As a result, defendant's warranty and/or contract of warranty failed of its essential purpose and any limitations contained within the warranty and/or contract of warranty are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

22. In addition, any limitations contained within the warranty and/or contract of warranty are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

23. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon

the belief that Defendant possessed a high degree of manufacturing skill and judgment.

24. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

25. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffss and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

26. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

27. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the

vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts

28. As a result of the above facts, Defendant breached its warranties and representations with respect to the vehicle.

29. One or more of the defects and malfunctions in the vehicle were covered under the terms of defendant's warranties, and defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

30. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract of warranty and the defective condition of the subject motor vehicle within a reasonable time.

31. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

32. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

33. This claim is for breach of express and/or implied warranties and/or contract of warranty and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

34. As a result of the above, among other things, defendant has breached its obligations under the Warranty Act and/or its applicable regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

35. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

## THIRD CLAIM: THE COLORADO CONSUMER PROTECTION ACT

36. The allegations of all other paragraphs and claims in this pleading

are incorporated as if fully rewritten herein.

37. This claim is for violation of the Colorado Consumer Protection Act by Defendant by its commission of an act or practice within three years prior to the filing of this case.

38. As a result of the above, among other things, at all times relevant defendant engaged in an unfair or deceptive trade practice, the practice occurred in the course of defendant's business and/or vocation and/or occupation, the practice significantly impacted the public as actual or potential consumers of the defendant's goods and/or services and/or property, the plaintiffs suffered injury in fact to a legally protected interest, and the practice cause the plaintiffs' injury.

39. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and remain uncured, including but not limited to:

1. Knowingly making a false representation as to the characteristics or uses or benefits of goods or services or property

2. Representing that goods or services or property are of a particular standard or quality when the supplier knows or should

know that they are of another

3. Advertising or otherwise representing that goods or services are guaranteed without clearly and conspicuously disclosing the nature and extent of the guarantee and/or any material conditions or limitations in the guarantee which are imposed by the guarantor and/or the manner in which the guarantor will perform and/or the identity of such guarantor, and/or using a guarantee which under normal conditions could not be practically fulfilled and/or which are for such a period of time or are otherwise of such a nature as to have the capacity and tendency of misleading purchasers or prospective purchasers into believing that the goods or services so guaranteed have a greater degree of serviceability, durability, or performance capability in actual use than is true in fact

4. Failing to disclose material information concerning goods and/or services and/or property which information was known at the time of an advertisement or sale when such failure to disclose such information was intended to induce the consumer to enter into a transaction

5. Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or

obligations when the representation was false and the supplier knows or should reasonably know that the representation is false

6. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not

7. Knowingly making a misrepresentation or making a false representation that has the capacity to deceive

8. Violation of the Magnuson Moss Warranty Act and/or its applicable regulations

9. Violation of other consumer protection statute(s)

10. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts

11. Failing to remedy defects in a warranted vehicle within a reasonable amount of time

12. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and/or warranty transaction

13. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and/or warranty transaction within a reasonable amount of time

14. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s)

15. Stalling and/or delaying the performance of a legal obligation

16. Representing that defects have been repaired when in fact they were not

17. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not

18. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement

19. Refusing to recognize the rights of buyers under the applicable law when the only remedy afforded by its limited warranty and/or contract of warranty failed of its purpose.

40. As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of the Colorado Consumer Protection Act , before, during or after a

consumer transaction between one or both Plaintiffs and a supplier in relation to the 2016 Jayco Seneca.

**WHEREFORE**, judgment is demanded against defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

**PRAYER FOR RELIEF**

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**ALTERNATIVE PRAYER FOR RELIEF**

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or

statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the Rv, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

/s/ Ronald L Burdge________________
RONALD L. BURDGE
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Ron@RvLemonLaw.com

Z:\data\Stewart, Kelly\Core Complaint 021317.wpd